UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
ANTONIO PRADO,                       )   No. C-05-2716 SC
                                     )
        Plaintiff,                   )
                                     )   ORDER REGARDING THE
   v.                                )   STANDARD OF REVIEW
                                     )
ALLIED DOMECQ SPIRITS AND WINE       )
GROUP DISABILITY INCOME POLICY,      )
                                     )
        Defendant.                   )
_____)
                                     )
LIBERTY MUTUAL INSURANCE, LIBERTY    )
LIFE ASSURANCE COMPANY OF BOSTON     )
                                     )
        Real Party In Interest.      )
_____)
```

I.  **INTRODUCTION**

Plaintiff Antonio Prado ("Plaintiff" or "Prado") brought this suit against the Allied Domecq Spirits and Wine Group Disability Income Policy ("Defendant" or the "Plan") alleging a failure to extend disability benefits in accordance with Plan and ERISA regulations, 28 U.S.C. § 1132.  The Real Party in Interest, Liberty Mutual Insurance ("Liberty Mutual"), is the Plan administrator.

Presently before the Court are opposing motions to determine the appropriate standard of review.  Plaintiff seeks a de novo standard whereas Defendant seeks an abuse of discretion standard.

For the reasons stated herein, the Court hereby DENIES Plaintiff's motion and GRANTS Defendant's motion.  The Court therefore will use an abuse of discretion standard in evaluating Plaintiff's claims.

## II. BACKGROUND

Plaintiff worked as a production manager for Mumm Napa Valley from February, 1987 to September, 2003. McGee Decl. at Ex. B. 299. He is a beneficiary of his employer's sponsored long-term disability plan. Id. at 11. In 2003, Plaintiff informed Liberty Mutual that pain from a work-related injury had escalated to the point that he could no longer continue working. Id. at 8. He then filed a disability benefits claim, which was acknowledged. Id. at 296. After reviewing his claim, Liberty Mutual denied long-term benefits. Id. at 243-46. Plaintiff appealed the decision and after further review, Liberty Mutual upheld its initial denial. Id. at 190-93. Plaintiff then requested that Liberty Mutual reconsider its denial in light of new medical information showing Plaintiff had undergone back surgery. Id. at 18. Liberty Mutual informed Plaintiff on May 6, 2005 that it would not reconsider the claim because Plaintiff had already exhausted his administrative remedies under ERISA. Id. at 17. Plaintiff filed the present action on July 1, 2005. Docket No. 1.

## III. DISCUSSION

The Ninth Circuit recently clarified the available standards of review in ERISA cases. "When a plan confers discretion, abuse of discretion review applies; when it does not, de novo review applies." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 965 (9th Cir. 2006). While there are "no 'magic' words that conjure up discretion on the part of the plan administrator . . . [t]he Supreme Court has suggested that a plan grants discretion if

2

the administrator has the 'power to construe disputed or doubtful terms' in the plan." Id. at 963, quoting Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989). The Ninth Circuit stated that "plan wording-granting the power to interpret plan terms and to make final benefits determinations-confers discretion on the plan administrator." Id. Specifically, a plan giving the administrator "the full, final, conclusive and binding power to construe and interpret the policy under the plan . . . [and] to make claims determinations" grants discretion. Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1159 (9th Cir. 2001).

Defendant's disability policy contains the following clause:

**Interpretation of the Policy**
Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding. McGee Decl., Ex. A, P-025.

Importantly, the Plan grants Liberty Mutual "sole discretion, to construe the terms of this policy." Id. As a result, the language of the Interpretation clause meets the criteria for the abuse of discretion standard of review. That is not the end of the analysis, however, because there are "some situations in which procedural irregularities are so substantial as to alter the standard of review." Abatie, 458 F.3d at 971.

The Ninth Circuit has instructed that a de novo review is appropriate in response to flagrant procedural violations. Id. This occurs "[w]hen an administrator engages in wholesale and flagrant violations of the procedural requirements of ERISA, and thus acts in utter disregard of the underlying purpose of the plan

3

1  as well." Id. De novo review is also used "when an administrator
2  fails to exercise discretion." Id. at 972. Yet, "a procedural
3  irregularity in processing an ERISA claim does not usually justify
4  de novo review." Id.; see Gatti v. Reliance Standard Life Ins.
5  Co., 415 F.3d 978, 985 (9th Cir. 2005) (concluding that the
6  district court had erred by allowing "de novo review any time a
7  benefits administrator violates the procedural requirements in
8  ERISA's regulations, no matter how small or inconsequential the
9  violation").
10      Plaintiff asserts that de novo review is appropriate for
11  three reasons. First, Plaintiff alleges that the documents in the
12  administrative record are not sufficient to establish whether the
13  plan confers discretion to Liberty Mutual. Pl.'s Mot. at 2-3.
14  The record contains a copy of the Group Disability Income Policy
15  sponsored by Allied Domecq Spirits and Wine. See McGee Decl. at
16  Ex. A. "It is clear that an insurance policy may constitute the
17  'written instrument' of an ERISA plan." Cinelli v. Sec. Pac.
18  Corp., 61 F.3d 1437, 1441 (9th Cir. 1995). Thus, the insurance
19  policy on record qualifies as a document sufficient to establish
20  Liberty Mutual's discretion under the plan. Second, Plaintiff
21  asserts that de novo review should apply because the letter
22  denying Plaintiff's claim failed to state adequate reasons for the
23  denial. Pl.'s Mot. at 3-5. Defendant asserts that its letter
24  complies with ERISA regulations. Def.'s Mot. at 14. The
25  ambiguities in the letter are not "so flagrant as to alter the
26  substantive relationship between the employer and employee."
27  Gatti, 415 F.3d at 985. Third, Plaintiff alleges that Liberty
28

4

Mutual failed to consider documents submitted after the denial of appeal, but before the final deadline had passed. Pl.'s Mot. at 5-7. This potential procedural irregularity does not rise to the level necessary to require a de novo review. See Abatie, 458 F.3d at 972 (explaining that the existence of ordinary procedural errors is not enough to alter the standard of review).

As discussed, Defendant has established that the Plan grants Liberty Mutual discretion to interpret Plan terms and make benefits determinations. As a result, the Court must use an abuse of discretion standard of review unless substantial irregularities exist. Plaintiff has failed to show flagrant violations sufficient to require a de novo standard of review.

**IV. CONCLUSION**

For the reasons described herein, the Court DENIES Plaintiff's motion and GRANTS Defendant's motion regarding the appropriate standard of review. The Court will use an abuse of discretion standard of review for this ERISA action.

IT IS SO ORDERED.

Dated: November 22, 2006

                                                                       _____
                                                                       UNITED STATES DISTRICT JUDGE